UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIKEZIE OTTAH,

                              Plaintiff,              22 Civ. 2935 (PAE) (RWL)

             -v-                                        OPINION & ORDER

NATIONAL GRID,

                              Defendant.

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Chikezie Ottah ("Ottah"), proceeding *pro se*, seeks $50 million in damages from defendant National Grid for patent infringement, in violation of 35 U.S.C. § 271. *See* Dkts. 1, 4. Ottah has previously filed similar actions in this District, including a patent infringement suit against National Grid before this Court. *See Ottah v. Nat'l Grid*, No. 19 Civ. 8289 (PAE) (RWL), 2020 WL 2539075 (S.D.N.Y. May 19, 2020) (dismissing claims). On May 9, 2020, the Court referred this case to the Hon. Robert W. Lehrburger, Magistrate Judge, for general pretrial management. Dkt. 9. On May 10, 2022, National Grid moved to dismiss Ottah's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 12, 13, 14. On June 2, 2022, Ottah opposed the motion, Dkt. 23, and on June 7, 2022, National Grid replied, Dkt. 25. The Court referred the motion to Judge Lehrburger for a Report and Recommendation. Dkt. 24.

      On August 16, 2022, Judge Lehrburger issued a Report and Recommendation, recommending that the Court grant National Grid's motion and dismiss Ottah's complaint with prejudice on the basis that Ottah's claims are barred by the doctrine of *res judicata*. *See* Dkt. 32 (the "Report") at 15, 18. In the Report, Judge Lehrburger concluded: "At bottom, Ottah's

Complaint in the instant action asserts the same Patent claim as in the Prior Action [before this Court], against the same defendant as in the Prior Action, and does not identify any accused device other than what was at issue in the Prior Action." *Id.* at 7. On August 21, 2022, Ottah filed an "Opposition to Motion to Dismiss," which the Court construes as objections to the Report. Dkt. 33 ("Obj.").[1] On September 7, 2022, National Grid replied to Ottah's objections.[2] Dkt. 34.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y.

---

[1] The stamp on the document states that it was received by the District on August 31, 2022. *See* Dkt. 33. The docket, however, indicates that the document was filed on August 21, 2022, which falls within the 14-day period to file objections to the Report.

[2] Since then, Ottah filed various letters regarding his claims, National Grid's response to his claims, and the Report. *See* Dkts. 36, 39, 42, 46, 47. On October 20, 2022, Judge Lehrburger ordered that Ottah not file additional materials regarding National Grid's motion to dismiss or the Report until this Court rendered its decision on the Report, Dkt. 44, and on November 2, 2022, he reaffirmed that order, Dkt. 50.

July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Ottah raises various objections. However, even when reading these with the special solicitude owed to *pro se* filings, the Court discerns no objections sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g., Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept. 30, 2022). Ottah's objections, although unclear, seem largely to restate the arguments in his complaint and opposition to the motion to dismiss as to the proper construction of his patent, *see generally* Obj. at 1–28, and, in a brief paragraph appearing to address the application of the *res judicata* doctrine, frame his Complaint as "an opportunity to present [his] case of infringement," *id.* at 16 (under heading "RES JUDCATE( CLAIME PRECLUSION)"). None of these objections directly addresses Judge Lehrburger's conclusion

that, because "Ottah already brought and lost his claim against National Grid," and his Complaint "is no more than a rehash of his previous claim against National Grid," the doctrine of *res judicata* bars his claims. Report at 15–16.

Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2. Finding none in Judge Lehrburger's characteristically thorough and well-reasoned Report, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Lehrburger's August 16, 2022 Report and Recommendation in its entirety and dismisses Ottah's complaint with prejudice.

The Court respectfully directs the Clerk of the Court to terminate the motion at docket 12, mail a copy of this decision to Ottah at the address on file, and close the case.

SO ORDERED.

                                                                      *Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 1, 2023
       New York, New York